IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

NANCY MOORE                                                                    PLAINTIFF

v.                                      CIVIL NO. 19-cv-05010

ANDREW SAUL,[1] Commissioner                                                   DEFENDANT
Social Security Administration

**MEMORANDUM OPINION**

Plaintiff, Nancy Moore, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (the "Commissioner") denying her claim for supplemental security income ("SSI") under the provisions of Title XVI of the Social Security Act (the "Act"). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed her application for SSI on December 1, 2016. (Tr. 13). In her application, Plaintiff alleged disability beginning on August 1, 2015, due to: degenerative disc disease, knee problems, shoulder problems, stomach problems, and depression. (Tr. 13, 221). An administrative hearing was held on November 21, 2017, at which Plaintiff appeared with counsel and testified. (Tr. 31-57).

On August 14, 2018, the ALJ issued a partially favorable decision. (Tr. 9). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: osteoarthritis and allied disorders, and other and unspecified

---

[1] Andrew M. Saul has been appointed to serve as Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

arthropathies. (Tr. 15-17). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 17). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform light work as defined in 20 CFR 416.967(b), except she could only occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; and only occasionally stoop, kneel, crouch, crawl and overhead reach on the left. (Tr. 17-21).

The ALJ found Plaintiff would be unable to perform any of her past relevant work. (Tr. 21). The ALJ found that, prior to the established onset date, Plaintiff was an individual closely approaching advanced age. Id. However, on July 31, 2018, her age category changed to an individual of advanced age. Id. With the help of a vocational expert, the ALJ then determined that, prior to July 31, 2018, Plaintiff could perform the representative occupations of public area attendant, counter clerk, or dealer accounts investigator. (Tr. 22). The ALJ found that after July 31, 2018, there were no jobs that existed in the national economy that Plaintiff could have performed. (Tr. 23). The ALJ found Plaintiff was not disabled prior to July 31, 2018 but became disabled on that date and continued to be disabled through the date of his decision, and that her disability was expected to last twelve months past the onset date. (*Id.*).

Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 13, 14).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th

Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff's sole argument on appeal is that the ALJ erred in failing to properly evaluate opinion evidence from multiple sources. (Doc. 13). The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 6th day of March 2020.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE